JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
   Oakland, California 94612
   Telephone:  (510) 637-3929
   Facsimile:   (510) 637-3724
   E-mail:      Garth.Hire@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 08-0304 PJH |
| ) | |
| Plaintiff, ) | STIPULATION AND [PROPOSED] |
| ) | ORDER EXCLUDING TIME FROM JUNE |
| v. ) | 18, 2008, TO JULY 2, 2008, FROM THE |
| ) | SPEEDY TRIAL ACT CALCULATION |
| MAURICE JEROME ST. JAMES, JR., ) | (18 U.S.C. §§ 3161(h)(8)(A), (B)(iv)) |
| ) | |
| Defendant. ) | |

      The parties appeared before the Court on July 2, 2008, for a status conference/trial setting hearing. At that hearing, AFPD Eric Hairston withdrew from representing defendant due to a conflict of interest. CJA panel counsel Ismail Ramsey took over representation of defendant. In order to provide new counsel with sufficient time to review the discovery in this case, and with consent of the defendant, the Court entered an order scheduling a status conference/trial setting hearing for 1:30 p.m. on August 6, 2008. The Court then found the exclusion of time under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(8)(A), (B)(iv), from July 2, 2008, to August 6, 2008, for effective preparation of counsel. The parties agreed, and the Court found and ordered, as follows:

1.     The parties agreed to an exclusion of time under the Speedy Trial Act until the status conference/trial setting hearing date of August 6, 2008. The parties requested that the matter be continued and time excluded in order to provide defendant's new counsel with sufficient time to review the discovery in this case.

2.     The parties believe that failure to grant the above-requested continuance would deny defendant's counsel and defendant the reasonable time necessary for effective preparation taking into account the exercise of due diligence and that the ends of justice served by continuing the case as requested outweigh the interest of the public and defendant in a trial within the date prescribed by the Speedy Trial Act.

3.     Thus, the parties respectfully requested and the Court found that the time period from July 2, 2008, to August 6, 2008, is excludable pursuant to 18 U.S.C. §§ 3161(h)(8)(A), (B)(iv) because it results from a continuance granted by the Court at the parties' request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial and because failure to grant the continuance would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence.

IT IS SO STIPULATED.

DATE: July 25, 2008                         Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

    /s/
GARTH HIRE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA


DATE: July 25, 2008                            /s/
ISMAIL JOMO RAMSEY, ESQ.

Counsel for Maurice Jerome St. James, Jr.

STIPULATION AND ORDER

CR 08-0304 PJH

**[PROPOSED] ORDER**

FOR GOOD CAUSE SHOWN, THE COURT ADOPTS THE FINDINGS OF FACT AND CONCLUSIONS OF LAW STIPULATED TO BY THE PARTIES. THEREFORE, IT IS SO FOUND AND ORDERED THAT:

1.   The matter is set for a status conference/trial setting hearing at 1:30 p.m. on August 6, 2008.

2.   The time period from July 2, 2008, to August 6, 2008, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(8)(A), (B)(iv) because it results from a continuance granted by the Court at the parties' request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial and because failure to grant the continuance would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence. The Court finds that nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which trial must commence.

DATED: _____

HONORABLE PHYLLIS J. HAMILTON
UNITED STATES DISTRICT JUDGE

STIPULATION AND ORDER

CR 08-0304 PJH