UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>         v.<br>MAURICE JEROME ST. JAMES,<br>    Defendant. | Case No. 08-cr-00304-PJH-1<br><br>**ORDER DENYING MOTION TO STAY**<br>Re: Doc. No. 84 |

The government has filed a motion to stay the motion of defendant Maurice Jerome St. James to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 under the holding of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The government seeks a stay of the § 2255 motion on the ground that the Supreme Court granted certiorari in *Beckles v. United States*, No. 15-8544, which presents issues raised in defendant's § 2255 motion in light of the holding of *Johnson,* where the Court held unconstitutionally vague the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii) (defining "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another"). The ACCA residual clause invalidated in *Johnson* is identical to the residual clause of the definition of "crime of violence" in the career offender guidelines, U.S.S.G. § 4B1.2(a)(2). The Supreme Court granted certiorari review in *Beckles* on the questions whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2), and whether *Johnson*'s constitutional

holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review.

The government represents that *Beckles* will likely decide the application of *Johnson* to the Guidelines and the retroactivity question presented in defendant's § 2255 motion. Doc. no. 84. Defendant promptly filed an opposition to the motion to stay on the ground that judicial efficiency alone is not a valid basis to justify an indefinite and potentially lengthy stay in a habeas case. Doc. no. 85. In support of his opposition to the stay, defendant cites *Yong v. I.N.S.*, 208 F.3d 1116 (9th Cir. 2000), where the Ninth Circuit held that the district court abused its discretion by staying a habeas petition pending resolution of an appeal in a case before the Ninth Circuit presenting similar issues to be decided, *Ma v. Reno*, 208 F.3d 815 (9th Cir. 2000), *vacated by Zadvydas v. Davis*, 533 U.S. 678 (2001). In reviewing the stay order, the Ninth Circuit noted that "because the stay terminates upon the 'resolution of the [*Ma*] appeal,' if the Supreme Court should grant certiorari to review this court's decision in *Ma*, the stay could remain in effect for a lengthy period of time, perhaps for years if our decision in Ma is reversed and the case is remanded for further proceedings." *Id.* at 1119. The court in *Yong* reasoned that "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy," and held that "although considerations of judicial economy are appropriate, they cannot justify the indefinite, and potentially lengthy, stay imposed here." *Id.* at 1120-21.

Defendant's brief in opposition to the motion to stay does not specifically address how much time he has served in custody or the guideline sentencing range that would be applicable if he is granted relief under *Johnson.* The court notes that on December 10, 2008, defendant was convicted of possession with intent to distribute crack cocaine and sentenced to 200 months imprisonment. The court further notes that the Bureau of Prisons website (www.bop.gov) indicates that defendant's expected release date is October 26, 2022. Defendant states in his § 2255 motion that when he was sentenced with the career offender enhancement, his guideline range was 262-327 months, based

1  on a total offense level of 34 and a criminal history category of VI. Doc. no. 82 at 1. He
2  argues that without the career offender enhancement, his guideline range "would have
3  been 130-162 months based on a total offense level of 27 and a criminal history category
4  of IV," *id.*, although at the time of sentencing, he argued that if the career offender
5  guidelines were not applied, he would be subject to an adjusted offense level of 27 and a
6  criminal history category of either IV or V, resulting in a guideline range of either 100-125
7  or 120-150 months. Doc. no. 38 at 12. He further contends that under the current
8  sentencing guidelines, without the career offender enhancement, his "offense level would
9  be 21, resulting in a guideline range of 77-96 months imprisonment." Doc. no. 82 at 1-2
10 (footnote omitted). For purposes of the instant motion to stay, the court presumes,
11 without deciding, that defendant refers to the current version of the drug offense
12 guidelines and Drug Quantity Table, as amended by Amendment 782 to the United
13 States Sentencing Guidelines Manual.
14       The court carefully considers whether a stay pending resolution of *Beckles* is likely
15 to be resolved without inordinate delay because of the court's duty to adjudicate habeas
16 petitions in a timely manner. *Yong*, 208 F.3d at 1119-20. Because a decision in *Beckles*
17 is expected within a year, the government does not seek an indefinite stay. Unlike the
18 appeal at issue in *Yong* which was subject to further review, the Supreme Court is likely
19 to decide conclusively the question presented in *Beckles* whether *Johnson* applies
20 retroactively to collateral challenges to sentence enhancements applied under the
21 residual clause of the guidelines. Staying these proceedings pending a decision by the
22 Supreme Court on this threshold question could, however, result in prejudicial delay to
23 defendant, who seeks relief which, if granted, could result in a reduced term of
24 imprisonment that could be exceeded by time served if the proceedings are stayed until
25 as late as June 2017. Furthermore, the court notes that the Ninth Circuit recently lifted
26 the stays previously entered in *Gardner v. United States*, No. 15-72559 and *Jacob v.*
27 *United States*, No. 15-73302 (9th Cir. Aug. 1, 2016), which the government cited in
28 support of the instant motion to stay. Doc. no. 86. Under these circumstances,

considerations of judicial economy are outweighed by the potential prejudice to defendant, and a stay is not warranted.

Accordingly, the government's motion to stay the § 2255 motion is DENIED.

**IT IS SO ORDERED.**

Dated:  August 11, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge